UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

**BRITTANY M. ATWOOD**,                           Case Number 1:13 CV 703

    Plaintiff,                                         Judge James S. Gwin

    v.                                                  REPORT AND RECOMMENDATION

**COMMISSIONER OF SOCIAL SECURITY**,

    Defendant.                                        Magistrate Judge James R. Knepp II

### INTRODUCTION

Plaintiff Brittany M. Atwood filed a Complaint (Doc. 1) against the Commissioner of Social Security seeking judicial review of the Commissioner's decision to deny supplemental security income (SSI). The district court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3).

This matter has been referred to the undersigned for a Report and Recommendation pursuant to Local Rule 72.2(b)(1). For the reasons stated below, the undersigned recommends the Commissioner's decision be affirmed.

### PROCEDURAL BACKGROUND

In 2003, Plaintiff's mother filed an application for SSI on behalf of Plaintiff, who was then under the age of eighteen, for borderline intellectual functioning and depression. (Tr. 30-32, 141-42). Plaintiff's application was granted and she was awarded benefits beginning May 1, 2005. (Tr. 30). On January 12, 2010, the Social Security Administration, obligated to re-assess Plaintiff's adult eligibility status after she turned eighteen, determined Plaintiff was no longer eligible for benefits as of January 1, 2010. (Tr. 30, 80-88). After her requested reconsideration

was denied – which involved a hearing in front of a disability hearing officer (Tr. 94-114), Plaintiff requested another hearing before an administrative law judge (ALJ). (Tr. 30, 117-22). The Notice of Hearing explicitly stated that Plaintiff had a right to counsel at the hearing if she so desired. (Tr. 127-128).

After a hearing, where Plaintiff, her mother, and a vocational expert (VE) appeared, the ALJ denied Plaintiff's claims. (Tr. 30-37, 42-77). The Appeals Council denied Plaintiff's request for review, making the hearing decision the final decision of the Commissioner. (Tr. 1-7); 20 C.F.R. §§ 416.1455, 416.1481. On April 1, 2014, Plaintiff filed the instant case. (Doc. 1).

## FACTUAL BACKGROUND

Plaintiff's arguments exclusively pertain to whether she was properly informed of her right to representation at the ALJ hearing and the ALJ's proffer of certain evidence post-hearing. Because Plaintiff's arguments focus on her due process rights rather than the ALJ's analysis of her impairments, she waives any claims regarding the ALJ's determinations of her medical conditions or residual functional capacity (RFC). *See, e.g.*, *Swain v. Comm'r of Soc. Sec.*, 379 F. App'x 512, 517-18 (6th Cir. 2010) (noting failure to raise a claim in merits brief constitutes waiver). Accordingly, the Court limits its review of the record as it relates to due process and Plaintiff's right to representation, VE testimony, and proffers of evidence.

On August 2, 2011, Plaintiff appeared at the ALJ hearing with her mother but without counsel. (Tr. 42). To that end, the following colloquy took place:

> ALJ: All right. In the Notice of Hearing that was sent to you, you were notified about your right to be represented today by either an attorney or qualified nonattorney representative. Did you understand that?
>
> CLMT: Yes.

2

> ALJ: And the thing is – are you still continuing to receive your payments, your SSI payments?
>
> CLMT: Yes.
>
> ALJ: Okay. And so, it's really kind of tough to find people, attorneys, to take cases because most of them are paid in back benefits, and so, it's very difficult to have – you know, it's not impossible, because there are a few that do take these cases; but then, you have to come up with a different arrangement with them. Sometimes, Legal Aid takes these cases; but then, they – it all depends on what – how full their docket is, because they take more than just Social Security cases. They take all kind of cases. You know, you know, child abandonment cases, and all kinds of domestic problems, and stuff like that. So, the Cleveland Legal Aid, while they've been helpful when they've been able to take our cases, they haven't taken very many of our cases recently, because they have been, I guess, flooded with all the other kinds of cases. The other resource that we have is that the Case Western Reserve has a legal clinic, and the students take these cases, and they're supervised by their professors who are licensed attorneys, and they frequently come to their hearings with their students. The problem being, though, that they don't take cases during the summer; and if they do have hearings, we have to schedule the hearings in probably September or October after they've started the school year. And then, we have to adjust our hearings for when the student is available, so if they've got holiday time, or they've got spring break, fall break, wherever they have, or they've got midterm testing or finals, then we, we can't schedule the hearing. So, while they're very helpful, and very kind, and, and, and, and very good at what they do, it, it – what it does is, it prolongs the case, and sometimes, they just can't take on the cases. All right. But are you prepared today, Ms. Atwood, to go ahead without any representation?
>
> WIT: Brittany?
>
> CLMT: Yes.
>
> ALJ: Okay, well alright. And now, since Mom is present – well, we'll start with you, Brittany.

(Tr. 45-46).

Subsequent to this colloquy, the ALJ spent some time discussing Plaintiff's medical evidence, which Plaintiff indicated was incomplete as she had been seeing a counselor at the Nord Center. (Tr. 48-55).

3

Next, the ALJ introduced the VE and indicated she was there to assist the ALJ by providing a report about a claimant's work activity. (Tr. 66). The ALJ then asked the VE a hypothetical question with some assistance from Plaintiff about her education level. (Tr. 67-68). In the midst of questioning, the ALJ asked Plaintiff why she thought she could not work. (Tr. 70). In response, Plaintiff claimed she could work, and was trained at the Nord Center to work at Fashion Bug putting buzzers on clothes. (Tr. 70). Indeed, at the reconsideration disability hearing, Plaintiff indicated she performed shipping and receiving training at the Nord Center in anticipation for a job at Fashion Bug but "[s]he didn't get hired because she couldn't work there until she was 18." (Tr. 101). The VE then testified Plaintiff could perform work as a cook helper, housekeeping cleaner, and marker. (Tr. 75). Plaintiff did not question the VE.

In closing, the ALJ indicated she would request the new records from the Nord Center and send them to Plaintiff. (Tr. 76). To that end, the following exchange took place:

> ALJ: …We're going to request those records; and then, as soon as I get them in, then I'll make my decision. But once we receive them, I will send them to you, unless you say its okay for me to go ahead without sending them to you.
>
> WIT: Okay.
>
> ALJ: Did you want me to send them to you?
>
> WIT: The records?
>
> ALJ: The copies of the records.
>
> WIT: Yes.
>
> CLMT: Yes.
>
> ALJ: You want me to send them to you. Okay, we will do that as soon as we receive them; and then, I'll go ahead and make my decision after that.
>
> WIT: Okay.

4

     CLMT: Okay.

(Tr. 76).

## DISCUSSION

Plaintiff argues the ALJ failed to provide due process in violation of HALLEX[1] when: 1) Plaintiff appeared with her mother at the hearing without counsel and the ALJ's explanation of representation was skewed toward discouraging it; 2) the ALJ did not explain Plaintiff's right to cross-examine the VE and did not offer her a right to do so; and 3) the ALJ failed to proffer evidence obtained post-hearing. (Doc. 16, at 1).

Defendant counters that Plaintiff knowingly and validly waived her right to counsel at the hearing, the ALJ adequately developed the record, and Plaintiff failed to establish clear prejudice or unfairness in the hearing process. (Doc. 19, at 1-2).

**<u>Due Process Legal Standard</u>**

The Due Process clause of the 5th Amendment guarantees that no deprivation of life, liberty or property will occur without notice and a fair hearing. *Adams v. Massanari*, 55 F. App'x 279, 286 (6th Cir. 2003) (quotations omitted). Logically, Plaintiff must first establish that the "United States [is] attempting to deprive [her] of a protected interest." *Flatford v. Chater*, 93 F.3d 1296, 1303 (6th Cir. 1996). Plaintiff easily satisfies this element since "a social security claimant has a property interest in benefits for which he or she hopes to qualify." *Id.* at 1304.

Next, Due Process requires that a social security hearing be 'full and fair.' *Adams*, 55 F. App'x at 286 (quoting *Perales v. Richardson*, 402 U.S. 389, 402-02 (1971)). This requires the Court to consider three factors:

---

[1] "HALLEX" refers to the Social Security Administration's procedural manual, which sets forth safeguards and procedures for the agency's administrative proceedings. *Robinson v. Barnhart,* 124 F. App'x. 405, 410 (6th Cir. 2005).

5

> [1)] the private interest that will be affected by the official action; [2)] the risk of erroneous deprivation of such interest through the procedure used, and the probable value, if any of additional or substitute procedural safeguards; [and 3] the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Adams*, 55 F. App'x at 286; *see also Flatford*, 93 F.3d at 1306 (quoting *Mathews v. Eldridge*, 424 U.S. 319, 334 (1996)).

As to the first factor, Plaintiff's private interest is her interest in a fair determination of her qualification (or lack thereof) for Social Security disability benefits and a meaningful opportunity to present her case. *Adams*, 55 F. App'x at 286.

As to the second factor, Plaintiff relies on HALLEX I-2-6-52(B) and argues the ALJ "failed to adequately advise [Plaintiff] of her right to be represented by counsel." (Doc. 16, at 11). First, while the HALLEX procedures are binding on the Social Security Administration, they are not binding on courts reviewing the administration's proceedings. *See Bowie v. Commissioner of Social Security,* 539 F.3d 395, 399 (6th Cir.2008) (observing that the procedural guidance in HALLEX is "not binding on this court"). Second, the agency procedures set forth in HALLEX, in and of themselves, do not create federal due process rights for claimants. "No circuit has held that the HALLEX creates *constitutional rights* because, of course, only the Constitution, not an agency's rules or procedures, is the source of such rights." *Davenport v. Astrue,* 417 F. App'x 544, 547–48 (7th Cir.2011).

Even more, HALLEX I-2-6-52(B) does not provide that an ALJ violates an affirmative duty to obtain a "written waiver of representation", as Plaintiff insidiously suggests. (Doc. 16, at 8). Notably, Plaintiff's entire argument section is void of any case law or statutory authority to

support this proposition. To the contrary, there is ample case law which shows the ALJ did not fail to advise Plaintiff of her right to counsel.

In the Sixth Circuit, the waiver of right to representation in a social security hearing is governed by *Duncan v. Secretary of H.H.S.*, 801 F. 2d 847, 855-56 (1986) and its progeny. The Sixth Circuit made clear in *Duncan* that when a plaintiff is notified of her right to counsel in writing prior to the administrative hearing, and the ALJ's clarifies waiver of that right before proceeding with the hearing, the ALJ has satisfied her duty in advising a plaintiff of her right to representation. *Duncan*, *supra*; *Blythe v, Sec'y of Health and Human Servs.*, 940 F.2d 658, at *3 (6th Cir. 1991). Simply put, the ALJ met both of those requirements when she asked Plaintiff whether she had been informed about her right to counsel in the Notice of Hearing, and whether she wished to proceed without counsel (Tr. 45-46); therefore, the ALJ satisfied her duty to advise Plaintiff of her right to representation.

Any suggestion by Plaintiff that the ALJ's speech "seemed designed to discourage" Plaintiff from seeking counsel is not well-taken. As noted above, the ALJ met her required obligations in advising Plaintiff of her right to counsel. Notably, even if a waiver of counsel is found not to be knowing and voluntary, a claimant must show that she suffered prejudice because she was unrepresented, "such as a failure by the ALJ to fully develop the administrative record." *See Vaca v. Comm'r of Soc. Sec.,* 2010 WL 821656 at *5 (W.D. Mich.). As Defendant suggests, Plaintiff has simply not alleged that the ALJ failed to develop the record based on this error, let alone that she was prejudiced by her failure to do so. Accordingly, Plaintiff's due process argument related to the ALJ's failure to properly inform Plaintiff of her right to representation fails.

Next, Plaintiff argues her due process rights were again violated by the ALJ's failure to inform Plaintiff she had the right to cross-examine the VE. (Doc. 16, at 12). However, Plaintiff again fails to cite any law whatsoever to support her proposition. After a simple search, the Court found this inquiry turns on whether Plaintiff can show she was prejudiced by this error. *Thomas v. Comm'r of Soc. Sec*., 2013 WL 1250721, at *9 (E.D. Mich.). Simply put, because she has not offered any evidence that she was prejudiced by this error, this argument also fails.

Finally, Plaintiff argues the ALJ's failure to proffer evidence developed after the hearing violated HALLEX I-2-7-30. Specifically, Plaintiff takes issue that she was not provided with Exhibit 11F, which would have allowed Plaintiff to remind the ALJ that the record was incomplete because it did not contain Nord Center notes regarding her treatment with Dr. Rao or her placement in a work project. (Doc. 16, at 13; Doc. 20, at 30).

Again, Plaintiff has failed to provide this Court with any law to support her proposition. "[C]ourts have concluded that failure to follow exact procedures set forth in HALLEX does not require reversal absent a convincing showing of prejudice to the plaintiff." *St. Clair v. Astrue,* 2010 WL 3370568, *7 (N.D. Ohio). Here, Plaintiff must demonstrate that the ALJ's alleged HALLEX violation(s) deprived her of a full or fair administrative hearing or prejudiced her. *See Laddy v. Astrue,* 2012 WL 776551, * 11 (N.D. Ohio) (finding no due process violation for failure to comply with HALLEX 1-2-7-30).

The Court is cognizant that the ALJ assured Plaintiff she would provide these records to Plaintiff post-hearing but failed to do so. Plaintiff offers that she was prejudiced by this because she could have reminded the ALJ of the missing Nord Center records pertaining to her treatment with Dr. Rao and work project placement. (Tr. 16). The Court finds this error harmless.

First, an "incomplete record must result in evidentiary gaps which result in clear prejudice to the claimant." *Jozefick v. Shalala*, 854 F. Supp. 342, 347-48 (M.D. Pa. 1994). Indeed, even Plaintiff points out that the ALJ knew of the Nord Center work project placement via her own testimony. (*See* Doc. 16, at 13; Tr. 71-72). Moreover, information about the Nord Center work placement program was also in the record via Plaintiff's reconsideration hearing testimony. (Tr. 101).

In addition, Exhibit 11F clearly shows the ALJ fulfilled her duty to develop a complete record with respect to Dr. Rao. (Tr. 374-77). The last treatment note from the Nord Center, dated July 18, 2011 (roughly two weeks before the ALJ hearing), indicated Plaintiff had seen Dr. Rao only once, and subsequently missed her follow-up appointment with him. (Tr. 374-75). Decidedly, this evidentiary gap, considering that Dr. Rao would not qualify as a treating source after one visit, does not result in clear prejudice to the Plaintiff. *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 506-07 (6th Cir. 2006).

Dispositive here, Plaintiff "has not cited any case law in support of the proposition that the ALJ's mere failure to comply with HALLEX I-2-7-30 violated due process." *Laddy*, 2012 WL 776551, at *11. Because Plaintiff has failed to show that the ALJ's failure to comply with HALLEX I-2-7-30 deprived her of a full and fair hearing, or that the failure to comply with HALLEX I-2-7-30 otherwise violated due process, this assignment of error lacks merit.

### CONCLUSION AND RECOMMENDATION

Following review of the arguments presented, the record, and the applicable law, the

Court finds the Commissioner's decision denying SSI benefits did not violate Plaintiff's due process. The undersigned therefore recommends the Commissioner's decision be affirmed.

s/James R. Knepp II<br>United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation.  *See U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).